**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MIKHAIL IGNATYEV, et al.                   :          CIVIL ACTION

                      v.                   :

MICHAEL CHERTOFF, et al.          :          NO. 08-1547

**<u>MEMORANDUM RE: RELATED CASES, LOCAL RULE 40.1</u>**

**Baylson, J.**                                                                                 **April 16, 2008**

The issue presented is whether this case is "related" to another case previously assigned to me.

The Complaint in this case requests declaratory and injunctive relief on behalf of a putative class of individuals who are lawful permanent residents of the United States, who have applied to become U.S. citizens and who have submitted naturalization applications to the United States Citizen and Immigration Services ("USCIS"). Their Complaint alleges that the processing of their naturalization applications has been unfairly and unlawfully delayed over many months.

The class is alleged to consist of "all lawful permanent residents who have submitted or will submit applications for naturalization to the USCIS District Office located within Pennsylvania, and whose applications for naturalization remain unadjudicated more than 180 days after the date of submission, because of pending FBI namechecks." Plaintiffs assert this is an appropriate class under Federal Rules of Civil Procedure 23(a) and 23(b)(2).

The first count alleges violations of the Administrative Procedure Act ("APA") against individual Defendants associated with USCIS; the second count makes similar allegations against individual Defendants associated with the Department of Justice; the third count, asserted

against all Defendants, claims that the due process clause of the Fifth Amendment of the United States Constitution has been violated.  There is also a fourth count for relief asserting a violation of the notice and comment requirements of the APA stated against USCIS.

Plaintiffs filed this action as a related case under Local Rule 40.1, asserting that it is "related" to Mocanu v. Mueller, et al., C.A. 07-445, and other cases assigned to me in which I issued a series of rulings on similar allegations by six plaintiffs.[1]  There, the plaintiffs, most of whom had applied for naturalization, alleged that the delay in the processing of their petitions was unlawful and improper.  Following my pre-trial rulings, all plaintiffs in the cases that had been considered along with Mocanu have since been naturalized and their cases have been dismissed as moot.[2]  Subsequently, another similar case has been randomly assigned to me, Mian v. Chertoff, 08-1475.

In letters to the undersigned and also to Chief Judge Bartle, government counsel questions whether these cases are "related" under Local Rule 40.1.  Plaintiffs, however, argue that their assertion under Local Rule 40.1 is proper, principally relying on a decision by Judge

---

[1] See Mocanu v. Mueller, 2007 WL 2916192 (E.D.Pa. Oct. 3, 2007) (denying defendants' motion to dismiss for lack of subject matter jurisdiction); Mocanu v. Mueller, 2007 WL 4570758 (E.D.Pa. Dec. 21, 2007) (scheduling a pretrial conference in Mocanu and two other naturalization cases); Mocanu v. Mueller, 2008 WL 154606 (E.D.Pa. Jan. 11, 2008) (requesting all parties to file motions for summary judgment); Mocanu v. Mueller, 2008 WL 372459 (E.D.Pa. Feb. 8, 2008) (granting in part and denying in part parties' motions for summary judgment and specifically enjoining defendants from using the FBI name check procedure to delay Plaintiffs' petitions unless notice and comment proceedings were initiated); Mocanu v. Mueller, 2008 WL 570953 (E.D.Pa. Feb. 28, 2008) (modifying February 8, 2008 order).

[2] This predictable result follows the obvious policy of USCIS that notwithstanding months of delay in processing naturalization applications, once a case has been filed and, after great expense to the plaintiffs and the court system, nears trial, the standard policy appears to be to accelerate and expedite the plaintiff's application so the case does not reach trial.  Mocanu v. Mueller, 2008 WL 154606, at *3 (E.D.Pa. Jan. 11, 2008).

Pollak, Sellers v. Phila. Police Comm'r Timoney, 2002 WL 32348499 (E.D. Pa. Feb. 7, 2002).[3]

In Sellers, four cases arising out of various events surrounding the Republican National Convention were pending on Judge Pollak's docket. The first case, Franks v. City of Philadelphia, 01-1444, had been assigned to Judge Pollak through the normal random case assignment system; in the three remaining cases (Fried v. City of Philadelphia, 01-3804; Cooper v. Mitchell, 01-3888; and Sellers v. Phila. Police Comm'r Timoney, 01-3760), counsel for the plaintiffs designated their cases as "related" to Franks, and thus the cases were diverted from random assignment under Local Rule 40.1 and assigned to Judge Pollak.

Cases are deemed "related" under Rule 40.1(b)(3)(A) when they "involve[] the same issue of fact or grow[] out of the same transaction as another suit . . . ." With respect to Fried and Cooper, while the cases were "hardly identical," Judge Pollak concluded that "the central events underlying the claims made in both Fried and Cooper - as in Franks - [were] those which occurred as the alleged consequences" of the same police surveillance on the same day at the same place. Sellers, 2002 WL 32348499, at *3. In contrast, Judge Pollak found the claim in Sellers to be unrelated to the other cases, as it arose out of a distinct set of circumstances: "Sellers's complaint may set forth legal theories similar to those advanced in Franks, but the factual differences between the two cases render Rule 40.1 inapplicable to Sellers." Id.

In the present case, Plaintiffs clearly set forth legal theories similar to those advanced in Mocanu. The named defendants are mostly the same as the Mocanu defendants. Similarity of

---

[3] Plaintiffs also cite two other cases, United States v. Weaver, 2004 WL 2399820 (E.D. Pa. Sept. 29, 2004) and Tripp v. Executive Office of the President, 194 F.R.D. 340 (D.D.C. 2000). While the Court takes note of both cases, the former does not appear to be very helpful in deciding the particular issue at hand, and the latter addresses a factual situation which is not analogous to the present case.

legal theories and defendants, however, do not suffice to make cases related under Local Rule

40.1.  The rule specifically requires the same issue of fact or the same transaction.  There are

some factual connections with Mocanu et al..  The same policies are allegedly employed by

defendants, and the same consequences from the policies (that is, unreasonable and unnecessary

delays in adjudication of naturalization petitions), are alleged in all cases.  However, each

plaintiff presents his or her own individual factual background.

Also, it is clear that this case is as "related" to Mocanu as it is to any other naturalization

case in this district.  As I have noted in prior opinions, Mocanu is one of many very similar

pending naturalization cases to have been filed in this Court.  If Mocanu were the only case that

had addressed naturalization claims of this kind, there might be a more credible argument as to

why this case is "related" to Mocanu.  But since this case is as much "related" to similar cases

pending before other judges, but Plaintiffs have chosen to assert its relatedness only to Mocanu,

it may be inferred that such a choice is attributable to the favorable rulings I issued to the

plaintiffs in Mocanu.  Although affection for a judge's rulings in one case is natural and

predictable for similarly situated "downstream" parties, labeling a case as "related" in order to be

assigned to a more favorable judge is certainly not what was intended by Local Rule 40.1.

Importantly, Rule 40.1 should be construed narrowly, as preservation of the random

assignment system is of great value in assuring transparency in the assignment of judges to all

parties.

In balancing these factors, I conclude that merely because Defendants used similar

procedures and policies in all cases does not make this case"related" and therefore I shall refer it

back to the clerk's office for random reassignment.[4]

     An appropriate Order follows.

---

    [4] Notwithstanding that this case is not related, I must mention, for whatever benefit counsel may draw from it, the prospect of assignment of similar cases to a single judge, or consolidation under Rule 42(a) of the Federal Rules of Civil Procedure, which reads as follows:

> (a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.

In my prior opinions, I have criticized the government for failure to move for consolidation of the pending naturalization cases in the Eastern District of Pennsylvania before a single judge to prevent duplication of effort in resolving the same legal theories presented in virtually all these cases.  See Mocanu v. Mueller, 2008 WL 154606, at *5.  Similarly, Plaintiffs could move for single judge assignment under Local Rule 40.3.1 by filing an appropriate motion with Chief Judge Bartle.

    Although most reported consolidations involve multiple cases pending before one judge, see Lowery v. Great Lakes Dredge & Deck Co., 2001 WL 818548 (E.D.Pa. July 18, 2001) (granting defendant's motion to consolidate two cases before Judge Buckwalter), it is clear that consolidation in other situations is permissible.  See In re: TMI Litigation Consol. Proceedings, 927 F.Supp. 834 (M.D.Pa. June 7, 1996) (addressing consolidated claims which were initially filed in three different states) (reversed in part on other grounds); Santucci v. Pignatello, 188 F.2d 643 (D.C. Cir. 1951) (finding that two actions pending before different judges of the District Court could be properly consolidated under Rule 42(a)).  Efficiency and economy in managing cases pending in different districts but having "one or more common questions of fact" motivated Congress to enact 28 U.S.C. § 1407.

    Under 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation often transfers similar actions in different districts to a single district and assigns those actions to one judge for pretrial matters, thus eliminating the possibility of inconsistent determinations and increasing judicial efficiency.  The Chief Bankruptcy Judge and Chief Judge Bartle of this District Court have previously referred cases of a similar nature within the district to a single judge as well.  See e.g. Patton v. Scholl, 1998 WL 779238 (E.D. Pa. Nov. 6, 1998) (assigning all issues connected with a certain group of pro se debtors to the Chief Bankruptcy Judge himself in order to "foster administrative efficiency and consistency" in the court); see e.g. Elektra Entertainment Group Inc. et al. v. John Doe #15, 07-4706, Doc. 5 (referring a case before the undersigned, as well as similar cases before other judges, involving copyrighted sound recordings to Judge Rufe for "monitoring and coordination of the status of discovery, scheduling of arbitration hearings, settlement negotiations, and trial date," but also ordering that each case "shall remain on the calendar" of the assigned judge).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MIKHAIL IGNATYEV, et al.      :      CIVIL ACTION

            v.               :

MICHAEL CHERTOFF, et al.      :      NO. 08-1547

## <u>ORDER</u>

AND NOW, this 16th day of April, 2008, after reviewing counsel's letters and the relevant case law, the Court concludes this case is not related to <u>Mocanu v. Mueller</u>, 07-445.  It is hereby ORDERED that this case, <u>Ignatyev v. Chertoff</u>, 08-1547, is referred back to the clerk's office for random reassignment.

BY THE COURT:

/s/ Michael M. Baylson

_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-1547 Ignatyev v. Chertoff\Ignatyev v. Chertoff - Memo re related cases.wpd